**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――X
                                             :
MICHAEL SOSA,                    :
                                             :
            Plaintiff,               :
                                             :  Civil Action No.
       v.                               :
                                             :  **COMPLAINT AND JURY TRIAL**
ELTMAN LAW, P.C fka ELTMAN, ELTMAN & : **DEMAND**
COOPER, P.C.;                  :
                                             :
            Defendants.          :
                                             :
―――――――――――――――――――X

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Michael Sosa ("Sosa" or "Plaintiff"), an individual consumer, against Defendant Eltman Law, P.C. formerly known as Eltman, Eltman & Cooper, P.C. ("Eltman" or "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. JURY DEMAND

3. Plaintiff demands a jury trial on all issues.

### IV. PARTIES

4. The FDCPA, 15 U.S.C. § 1692 et seq., which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

5. Plaintiff is a natural person residing in Lodi, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. Based upon information and belief defendant Eltman Law, P.C., formerly known as Eltman, Eltman and Cooper, P.C., is a law firm located in New York City, New New York and Jersey City, New Jersey.

7. Based upon information and belief, Defendant's principal business purpose is the collection of debts in this state, and Defendant attempts to collect debts alleged to be due another.

8. Defendant operates a business that uses the mail, telephone, and facsimile and regularly engage in business, the principal purpose of, which is to attempt to collect

debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

### IV. FACTUAL ALLEGATIONS

9. Plaintiff was at all times to this lawsuit a "consumer" as that term is defined by 15 U.S.C. §1692a(3)

10. At some time prior to November 8, 2006, Plaintiff Sosa allegedly incurred a debt with respect to an automobile loan provided by American General Finance.

11. The Debt arose out of a transaction in which money, property, insurance or services was the subject of the transaction.

12. The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. On or about November 22, 2006, a complaint was filed by American General Finance against Plaintiff Sosa in <u>American General Finance v. Sosa,</u> Case No. DC-024484-06, ("the State Court Action") in the Bergen County Superior Court, Law Division, Special Civil Part, seeking damages in the amount of $3,498.81.  Attached as Exhibit A is a copy of the complaint.

14. On or about February 2, 2007, a default judgment was entered against Plaintiff Sosa in the amount of $3,639.79.

15. Defendant's law firm at the time of filing the State Court Action and at the time of filing of the default judgment was Clark & DiStefano, P.C. of Sea Girt, New Jersey.

16. According to recent court records, Clark & DiStefano, P.C. is still attorney of record on the State Court Action.

17. On or about June 29, 2015, Defendant sent Plaintiff Sosa a letter indicating that the original creditor was Springleaf Financial Services, Inc. and the debt is owed to LVNV Funding, LLC.

18. However, the judgment creditor as indicated by in the State Court Action is in fact American General Finance and not LVNV Funding LLC nor Springleaf Financial Services, Inc. as indicated in the June 29, 2015 letter. A copy of the May 29, 2015 letter is attached as Exhibit B.

19. On or about July 14, 2015, Defendant served upon Plaintiff a Notice of Application for Wage Execution on Plaintiff in the State Court Action directed to 301 Union Street, LLC. A copy of The Notice of Wage Application is attached as Exhibit C.

20. Based upon information and belief, Defendant also served a copy of the Notice of Wage Execution on third-party 301 Union Street, LLC, who was not and never has been Plaintiff's employer.

21. Defendant never filed Plaintiff's Notice of Application for Wage Execution with the state Court, as required by the Court rules.

22. At the time that Defendant served Plaintiff with the June 29, 2015 letter and the Notice of Application for Wage Execution dated July 14, 2015, Defendant was not the attorney of record for American General Finance in the State Court Action.

23. The July 14, 2015 Notice of Application for Wage Application and the June 29, 2014 letter were each a "communication" as defined by 15 U.S.C. §1692a(2).

24. The alleged debt of Plaintiff was incurred for personal, family or household services.

## COUNT ONE

### (Fair Debt Collection Practices Act Violations)

25. Plaintiff repeats the allegations contained in paragraphs 1 through 23 as if the same were set forth at length.

26. Defendant violated 15 U.S.C. 1692e used false, deceptive, or misleading representation or means in collecting on a debt.

27. Defendant violated 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any alleged debts owed by Plaintiff.

28. Defendant violated 15 U.S.C. 1692e(5), by threatening to garnish Plaintiff's wages which it could not legally do and which it could not do.

29. Defendant violated 15 U.S.C. 1692e(9), by sending the Notice of Application for Wage Application which it was not authorized to send.

30. Defendant violated 15 U.S.C. 1692e(10), by using false representation or deceptive means to collect on a debt.

31. Defendant violated 15 U.S.C. 1692f and §1692f(1) by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff.

32. Defendant violated 15 U.S.C. 1692c(b), by improperly communicating with a third-party.

33. Defendant failed to comply with FDCPA's general guidelines and otherwise engaging in conduct described as abusive, deceptive, and unfair debt collection practices in violation of 15 U.S.C. § 1692.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Post-judgment and pre-judgment interest;

D. Statutory damages pursuant to 15 U.S.C. § 1692k;

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

F. Any other relief that the court deems appropriate.

Dated:  September 26, 2015                       Respectfully submitted,

                                                 By: s/ Lawrence C. Hersh
                                                     Lawrence C. Hersh, Esq.
                                                     17 Sylvan Street, Suite 102B
                                                     Rutherford, NJ  07070
                                                     (201) 507-6300
                                                     *Attorney for Plaintiff*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 26, 2015                        By: s/ Lawrence C. Hersh
                                                     Lawrence C. Hersh, Esq